**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



FILED
SEP 10 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DWAYNE L. JOHNSON, #302205,

    Petitioner,

v.                                                       Civil Action No. 2:07cv358

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on September 28, 2001, in the Circuit Court of New Kent County, Virginia, for capital murder and conspiracy to commit capital murder, as a result of which he was sentenced to serve life plus twenty years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on June 17, 2008. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on July 3, 2008, a document entitled "Magistrate Judge Report and Recommendation," which is construed as objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made <u>de novo</u> findings with respect to the portions objected to, does hereby adopt and

approve the findings and recommendations set forth in the Magistrate Judge's Report and Recommendation. It is, therefore, **ORDERED** that the petition be **DENIED** and **DISMISSED** on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's finding that Claim 1(b) (the indictments were multiplicious and therefore in violation of double jeopardy) is procedurally defaulted, the objection is without merit. At trial, petitioner argued that the indictment failed to provide a basis for conspiracy, but he did not argue that the indictment was in violation of double jeopardy. On appeal the Virginia Court of Appeals found that the double jeopardy claim was procedurally defaulted, since it was not raised at trial. Accordingly, the claim is procedurally defaulted in this Court as well.

To the extent that petitioner objects to the Magistrate Judge's finding regarding Claim 1(c), contending in his objections that such claim "is unclear and should be reviewed," the objection is without merit. Petitioner argues that "without this claim being reviewed this is a complete miscarriage of justice." What petitioner chooses to ignore is that the claim was reviewed and addressed, in detail, by the Magistrate Judge. This Court carefully reviewed and now adopts the Magistrate Judge's detailed analysis regarding claim 1(c).

To the extent that petitioner objects to the Magistrate Judge's conclusion regarding Claim 1(d), actual innocence, the objection is without merit. Petitioner again suggests in his objections that this claim should be "reviewed" but does not highlight any purported deficiencies in the Magistrate Judge's analysis. Regardless of petitioner's failure to lodge a valid objection, this Court carefully reviewed Claim 1(d) and adopts the Magistrate Judge's detailed analysis recommending

dismissal of such claim. Notably, petitioner's actual innocence claim was presented to the trial court for hearing, and the court found that the post-conviction testimony of a co-conspirator was not worthy of belief. Accordingly, the trial court dismissed the claim; the Virginia Court of Appeals dismissed the petition for a writ of actual innocence, affirming the trial court's decision; and the Supreme Court of Virginia affirmed such dismissal. The findings and conclusions of the state courts on a matter of evidence and proof are entitled to credit. Petitioner's actual innocence claim cannot be pursued as a freestanding claim for habeas relief and the new evidence presented by petitioner to the state trial court was insufficient to remove the procedural bars to his other constitutional claims.

To the extent that petitioner objects to the Magistrate Judge's finding that Claim 1(e) (that he was denied due process by prosecutorial misconduct), is procedurally defaulted, the objection is without merit. While petitioner raised the claim in his state habeas petition, he did not raise the issue at trial or on direct appeal. The claim was procedurally defaulted in the state court and is procedurally defaulted in this Court as well.

To the extent that petitioner objects to the Magistrate Judge's finding that Claims 2(a) and 2(b) (both ineffective assistance of counsel claims), are procedurally defaulted, the objections are without merit. Petitioner alleges that counsel was ineffective for failing to disclose a co-conspirator's inconsistent testimony (Claim 2(a)) and failed to object to prosecutorial misconduct (Claim 2(b)). In his state habeas petition, petitioner alleged that his counsel was ineffective for failing to call Henry Barnes for the purpose of impeaching Brandon Smith, which is a different claim from those raised herein. The claims before the Court are raised here for the first time and are procedurally defaulted.

3

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-37 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 10, 2008